IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SECURITYPROFILING, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  6:16-CV-01165-RWS-JDL |
| TREND MICRO AMERICA, INC., TREND MICRO INCORPORATED, | § § § § | |
| Defendants/Counterclaim-Plaintiffs. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff SecurityProfiling, LLC ("Plaintiff" or "SecurityProfiling") moves the Court to dismiss Defendants/Counterclaim-Plaintiffs Trend Micro America, Inc. and Trend Micro, Inc.'s (collectively, "Defendants" or "Trend Micro") first through thirteenth declaratory judgment counterclaims for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), (Doc. No. 22) ("Motion").  Plaintiff also moves the Court to strike Defendants' first, second, fourth, sixth, eighth through eleventh, and eighteenth defense[1] under Fed. R. Civ. P. Rule 12(f).  *Id.* Defendants oppose the Motion with a response (Doc. No. 25) ("Response").[2]  Having considered the parties' submissions and the arguments contained therein, the Court recommends that SecurityProfiling's Motion to Dismiss and Motion to Strike be **GRANTED-IN-PART** and **DENIED-IN-PART**.  The Court further recommends that Trend Micro be permitted to file an amended pleading within fourteen days of any order adopting this recommendation.

---

[1] Plaintiff notes that Trend Micro's Answer lists defenses that are numbered incorrectly, jumping from the Eleventh defense straight to the Eighteenth Defense next.  Motion at 2; *see also* Answer ¶¶ 60, 61.

[2] Plaintiff filed a reply (Doc. No. 26) in support of its Motion, and Defendants filed a Surreply (Doc. No. 29).

## BACKGROUND

SecurityProfiling sued Trend Micro, alleging six counts of patent infringement, one count for each asserted patent (collectively, the "Asserted Patents"). Doc. No. 1 ("Complaint"). Trend Micro filed its answer, alleging multiple defenses and counterclaims. *See generally* Doc. No. 13 ("Answer"). SecurityProfiling contends that Trend Micro's counterclaims for inequitable conduct and for declaratory judgment of non-infringement and invalidity of the Asserted Patents are not sufficiently pled under Federal Rule of Civil Procedure 12(b)(6). Motion at 5, 12–13. SecurityProfiling also moves to strike Trend Micro's affirmative defenses, alleging that they are insufficiently pled under Federal Rule of Civil Procedure 12(f). Motion at 14–17; *see also generally* Answer.

## LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### B. Inequitable Conduct

Claims of inequitable conduct are reviewed for sufficiency under the heightened pleading requirements of fraud. *Exergen Corp. v. Wal-Mart Stores, Inc. et al.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) ("'inequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)") (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1344 (Fed. Cir. 2003). Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327.

Rule 9(b) further provides that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). For inequitable conduct, the relevant "conditions of mind" include: (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the United States Patent and Trademark office ("PTO"). *See Hebert v. Lisle Corp.,* 99 F.3d 1109, 1116 (Fed. Cir. 1996). While "knowledge" and "intent" may be averred generally, the pleadings must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. In other words, the pleading must recite

"facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011) (citing *Exergen*, 575 F.3d at 1318, 1330; *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc).). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 185 n. 8 (5th Cir. 2009) (citations and internal quotation marks omitted).

### C. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored. *U.S. v. Conley*, 689 F.3d 365 (5th Cir. 2012). Courts possess considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. *Id.* If there is any question as to whether the allegations may be relevant to the action, courts err on the side of permitting the allegations to stand. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §1382 (3d ed.).

## DISCUSSION

SecurityProfiling alleges that Trend Micro fails to state any claim for inequitable conduct as a matter of law. Motion at 6. SecurityProfiling further alleges that Trend Micro's counterclaims for declaratory judgment of invalidity and non-infringement of the Asserted Patents are insufficiently pled. *Id.* at 12–14. Finally, SecurityProfiling alleges that Trend

Micro's six affirmative defenses are deficient and must be stricken. *Id.* at 14–17. The Court will address each of these arguments in turn.[3]

### A. Trend Micro's Inequitable Conduct Allegations

Trend Micro's allegations regarding inequitable conduct are sufficient to survive a motion to dismiss, even when viewed in the light of the exacting standard under *Exergen*. In their Answer, Trend Micro has raised inequitable conduct, both as an affirmative defense to SecurityProfiling's infringement claims and as a separate counterclaim. Answer ¶¶ 61–115; 162–218. SecurityProfiling has moved to strike or dismiss both the affirmative defense and the counterclaim of inequitable conduct, arguing that the allegations of inequitable conduct are not adequately specific enough to satisfy the pleading requirements set forth by the Federal Circuit in *Exergen*.

Trend Micro's defense and counterclaim for inequitable conduct[4] alleges as follows:

> 61. The Asserted Patents are unenforceable because, on information and belief, the alleged inventors, Mr. Brett M. Oliphant and Mr. John P. Blignaut, and/or others involved in the prosecution of the Asserted Patents (singly or collectively, the "Applicants") committed inequitable conduct through a pattern of knowing and intentional withholding, concealing and mischaracterizing material information concerning their own prior art activities and publications before the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

Answer ¶ 61. This is followed by numerous pages of supporting facts. *See id.* at ¶¶ 62–115. Although the volume of pages alone is not sufficient to save otherwise insufficient pleadings, Trend Micro's factual allegations on the issue of inequitable conduct is supported by around

---

[3] Except stated or discussed otherwise, the Court will only address those affirmative defenses for which SecurityProfiling has raised specific arguments. SecurityProfiling moves the Court for an order striking Trend Micro's First, Second, Fourth, Sixth, Eighth through Eleventh, and Eighteenth Defenses. Motion at 1. SecurityProfiling, however, provides only arguments regarding Trend Micro's First (failure to state a claim), Sixth (failure to mark), Eighth (lack of standing), Ninth (express or implied license), Tenth (patent exhaustion), and Eleventh (waiver, estoppel, claim preclusion, laches, unclean hands) affirmative defense. *Id.* at 15–17.

[4] Trend Micro's allegations of inequitable conduct in its defense and counterclaim are identical. *Compare* Answer ¶¶ 61–115 *with* Answer ¶¶ 162–218.

sixteen pages of their Answer, and the allegations explain in considerable detail the elements of inequitable conduct.

Trend Micro alleges that SecurityProfiling failed to disclose potentially invalidating prior art under 35 U.S.C. § 102. *See* Answer ¶ 72. In support, Trend Micro explains that neither SecurityProfiling nor the inventors of the Asserted Patents disclosed to the PTO information regarding products and products literature that SecurityProfiling relied upon to establish priority and obtain issuance of the Asserted Patents. *See, e.g.*, Answer ¶¶ 62–94 (allegations explaining how SecurityProfiling relied on its SysUpdate product and its Anti-Vulnerability technology to obtain the Asserted Patents); Answer ¶¶ 95–103 (allegations explaining how SecurityProfiling made inaccurate and misleading submission to the PTO that concealed dates of its prior art activities); Answer ¶¶ 104–8 (allegations explaining how inventor Mr. Blignaut submitted false or misleading statement to PTO in his declaration during prosecution of one of the Asserted Patents); Answer ¶¶ 109–114 (allegations explaining how information related to SecurityProfiling's products–SysUpdate, Anti-Vulnerability Technology, and LogBoss–was material and were withheld with intent to deceive PTO); Response at 1–2. Therefore, even when viewed in light of the exacting standard, Trend Micro's allegations are sufficient to survive a motion to dismiss.

According to SecurityProfiling, however, Trend Micro's pleadings fail to demonstrate that those products actually embody the inventions claimed by the Asserted Patents. Motion at 6. Stressing that computer products are routinely enhanced and modified with the release of newer and better versions, the crux of SecurityProfiling's argument is that the products sold before and after the relevant critical date are different products, even if they have the same name.

*Id.* at 6, 8–9, 11. SecurityProfiling asserts that Trend Micro wrongly conflates completely different products based on the similarity in names. *Id.* at 6.

SecurityProfiling's arguments challenging the sufficiency of Trend Micro's pleadings are not persuasive. At this stage in the litigation, the proper focus is on the sufficiency of Trend Micro's pleadings rather than the merits of Trend Micro's claims. SecurityProfiling directs its Motion to Dismiss towards legal questions that challenge the merits of the inequitable conduct allegations, such as the relevancy and materiality of the allegedly withheld prior art and the allegedly misleading submissions before the PTO. While these and other disputes will be evaluated at summary judgment or trial, the inquiry currently before the Court is whether Trend Micro's factual allegations satisfy the minimum pleading requirement under the Federal Rules. *See generally Iqbal*, 129 S. Ct. 1937; *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" (citation omitted)). At this time, Trend Micro may need further discovery to fully develop the record underlying its inequitable conduct allegations. Once this is complete, SecurityProfiling will have an opportunity to re-urge all challenges to Trend Micro's inequitable conduct case at the dispositive motion or trial stage.

After reviewing Trend Micro's Answer, including the counterclaim and accompanying exhibits, which comprise Defendants' inequitable conduct pleadings, the Court finds that Trend Micro has provided sufficient factual details to meet the particularity requirements of Rule 9(b). The Court is persuaded that Trend Micro's pleadings and briefs disclose the specific "who, what, when, where, and how" as required by *Exergen*. Trend Micro names the specific individuals accused of violating a duty of candor to the USPTO, provides the relevant documents, and

explains how the information is material. *See Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08cv286-JDL, 2009 WL 5061812 at *2 (E.D. Tex. Dec. 14, 2009).

Therefore, the Court concludes that Defendants' allegations of inequitable conduct state a plausible claim for relief that satisfies the heightened pleading requirements of Rule 9(b).[5]

Accordingly, the Court recommends that SecurityProfiling's motion to dismiss Trend Micro's inequitable conduct counterclaim be DENIED.

### B. Trend Micro's Counterclaims for Declaratory Judgment of Non-Infringement and Invalidity of the Asserted Patents

SecurityProfiling argues that Trend Micro's counterclaims for declaratory judgment of non-infringement and invalidity of the Asserted Patents are devoid of any supporting factual allegations and therefore such conclusory allegations fail to meet the factual pleading requirements set forth in *Twombly*. Motion at 12–14. Trend Micro responds that SecurityProfiling seeks to impose a standard for counterclaims that would be contrary to this Court's precedent, local rules and its own pleadings. Response at 13.

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. CV 12-1461-LPS-CJB, 2017 WL 239326, at *3 (D. Del. Jan. 19, 2017); *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016); *Crye Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69, 79 (S.D.N.Y. 2015). Thus, to survive a motion to dismiss, counterclaims for declaratory judgment of non-infringement and

---

[5] SecurityProfiling argues that "inequitable conduct counterclaims and affirmative defenses of inequitable conduct rise or fall together." Motion at 5 (citing *Medline Indus., Inc. v. C.R. Bard, Inc*., 2016 WL 5871501 at *3 (N.D. Ill. 2016). Because the Court has already concluded that Trend Micro's counterclaim for inequitable conduct survives SecurityProfiling's motion to dismiss, its defense of inequitable conduct survives SecurityProfiling's motion to strike as well.

invalidity must meet the pleading requirements set forth in *Iqbal* and *Twombly*. *See Princeton*, 2017 WL 239326, at *3; *Elec. Commc'n Techs., LLC v. Clever Athletics Co., LLC*, No. 9:16-CV-81466-WPD, 2016 WL 7409710, at *3 (S.D. Fla. Dec. 19, 2016); *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, No. 6:15-CV-00180-AA, 2016 WL 1737740, at *5 (D. Or. May 2, 2016); *Crye*, 112 F. Supp. 3d at 79–80. This requirement is met if those counterclaims allege sufficient facts to make out a plausible claim. *Princeton*, 2017 WL 239326, at *5–6; *RAH Color*, 194 F. Supp. 3d at 350–353; *Elec. Commc'n*, 2016 WL 7409710, at *3. Moreover, recent amendments to the Federal Rules of Civil Procedure, effective December 2, 2015, have eliminated Rule 84 and the Appendix of Forms, which controlled certain pleading requirements, including Form 18 (direct patent infringement claims) and Form 30 (counterclaims).[6] *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 n.2 (Fed. Cir. 2016).

Here, Trend Micro has failed to state a plausible counterclaim for both non-infringement and invalidity. For example, Trend Micro's counterclaims for declaratory judgment of non-infringement and invalidity, which are all identical, for one of the Asserted Patents, alleges as follows:

> 127. SecurityProfiling has filed an infringement action in this Court to enforce the '699 Patent against Defendants/Counterclaim-Plaintiffs. Defendants/Counterclaim-Plaintiffs deny that they have infringed or are infringing any valid or enforceable claim of the '699 Patent. An actual and justiciable controversy exists between the parties regarding the alleged infringement of the '699 Patent.
>
> 128. Defendants/Counterclaim-Plaintiffs seek and are entitled to a judicial declaration and determination against SecurityProfiling that neither Trend Micro America nor Trend Micro, Inc. has infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '699 Patent, either directly, contributorily, by inducement, jointly, or in any other manner.

---

[6] The parties have not raised the issue of how these amendments to the Federal Rules impact this case. SecurityProfiling filed its complaint on September 14, 2016. Therefore, it is plain that the amended rules govern this case. *See Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 216CV00059JRGRSP, 2017 WL 780885, at *1 (E.D. Tex. Feb. 10, 2017).

> . . .
>
> 130. Defendants/Counterclaim-Plaintiffs have alleged that one or more of the claims of the '699 Patent are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116 thereof, and the rules, regulations, and laws pertaining thereto. An actual and justiciable controversy exists between the parties regarding the validity of the '699 Patent.
>
> 131. Defendants/Counterclaim-Plaintiffs seek and are entitled to a judicial declaration and determination that each claim of the '699 Patent that SecurityProfiling asserts against Trend Micro America or Trend Micro, Inc. is invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116 thereof, and the rules, regulations, and laws pertaining thereto.

Answer at 35–37. Based on these allegations, it is evident that Trend Micro's counterclaim for non-infringement contain no supporting facts—much less sufficient facts—to plausibly allege a counterclaim for non-infringement. It merely alleges that "neither Trend Micro America nor Trend Micro, Inc. has infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '699 Patent, either directly, contributorily, by inducement, jointly, or in any other manner." Likewise, Trend Micro merely lists the statutory provisions without providing any facts supporting its counterclaim for invalidity. Thus, both the counterclaims of non-infringement and invalidity are conclusory and unsupported by any factual allegations. Therefore, the Court concludes that the allegations in Trend Micro's non-infringement and invalidity counterclaims do not meet the particularized pleading requirements set forth in *Iqbal* and *Twombly* to sufficiently state a claim for relief.

It is important to note that the Court affords a defendant sufficient time to develop supporting facts by setting a deadline for counterclaims weeks after the answer is due. *See* Doc. No. 38 (Docket Control Order). Further, should this period of time be insufficient for some reason, a defendant may seek an extension of the deadline.

Accordingly, the Court recommends that SecurityProfiling's motion to dismiss Trend Micro's counterclaims for a declaratory judgment of non-infringement and invalidity of the Asserted Patents be GRANTED.

Although the Court recommends granting SecurityProfiling's motion to dismiss, the Court also recommends permitting Trend Micro to file an amended pleading to cure the defects to support its counterclaims for non-infringement and invalidity.  There is no indication that the defects are incurable or that Trend Micro is unable or unwilling to amend its pleading.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002).  If Trend Micro needs additional time to gather sufficient facts to support its counterclaims, it may move, after an appropriate meet and confer, to extend the deadline for filing an amended pleading.

### C.  Trend Micro's Affirmative Defenses

#### a.  First Defense

Trend Micro's first affirmative defense states as follows: "The Complaint fails to state a claim against Defendants upon which relief can be granted."  Answer at 13.  SecurityProfiling argues that this is not a defense and must be "properly presented under Rule 12(b)(6)."  Motion at 15 (citing *J & J Sports Prods., Inc. v. Angulo*, 2015 WL 5020725 at *2 (E.D. Cal. 2015)).  Trend Micro does not provide any specific arguments to the contrary.  *See* Response at 14–15.

Trend Micro's defense of failure to state a claim upon which relief can be granted is not a proper affirmative defense.  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] *prima facie* case.").  While the Court finds the failure to state a claim upon which relief can be granted is not properly asserted as an affirmative

defense, the Court will not preclude Trend Micro from raising this defense in its answer. *See* Fed. R. Civ. P. 12(h)(2) ("[f]ailure to state claim upon which relief can be granted . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a)").

Accordingly, the Court recommends that SecurityProfiling's Motion to strike Trend Micro's first affirmative defense be GRANTED, but further recommends that Trend Micro be granted leave to properly plead this defense should it wish to pursue it in this action.

### b. Sixth, Ninth, Tenth, and Eleventh Defense

At the outset, the parties dispute the proper pleading standard that applies to affirmative defenses. SecurityProfiling argues that the plausibility pleading requirements under *Twombly* and *Iqbal* apply and that Trend Micro's sixth, ninth, tenth, and eleventh affirmative defense is deficient under that standard. Motion at 14–15. Trend Micro, on the other hand, argues that the fair notice standard under *Woodfield* applies and that its affirmative defenses are properly pled. Resp. at 15 (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

A Rule 12(f) motion to dismiss a defense, although generally disfavored, is proper when the defense is insufficient as a matter of law. *Twin Rivers Engineering, Inc. v. Fieldpiece Instruments, Inc.*, 2:15-cv-01838-JRG, Doc. No. 38, 2 (E. D. Tex. Apr. 6, 2016) (citing *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Among the district courts in this Circuit, there is disagreement on whether the heightened *Twombly* and *Iqbal* pleading standards have changed the pleading standards for affirmative defenses. *See Yeti Coolers, LLC v. Rtic Coolers, LLC*, No. 1:15-CV-00597-RP, 2016 WL 5956081, at *8 (W.D. Tex. Aug. 1, 2016) (noting that "Fifth Circuit has not addressed whether *Twombly* and *Iqbal* have changed the pleading standard for affirmative defenses, but at least one case decided after *Twombly* indicates that the "fair notice" requirement for affirmative defenses has not changed.") (citing *Rogers v.*

*McDorman*, 521 F. 3d 381, 385–86 (5th Cir. 2008)); *Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, No. 15-254-SDD-RLB, 2015 WL 7573216, at *1 (M.D. La. Nov. 25, 2015) (using "fair notice" standard under *Woodfield* and declining to apply "plausibility" pleading standard set forth in *Twombly* and *Iqbal*); *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013) (citing cases and noting disagreement among district courts in this Circuit on whether the Supreme Court's opinions in *Twombly* and *Iqbal* apply to affirmative defenses, but applying *Woodfield* standard in resolving motion to strike).

Courts in this district have typically applied the fair notice pleading standard under *Woodfield*. *See e.g., Campmed Cas. & Indem. Co., Inc. v. Specialists on Call, Inc.*, No. 4:16-CV-00452, 2017 WL 373463, at *3 (E.D. Tex. Jan. 26, 2017); *Twin Rivers Engineering*, 2:15-cv-01838-JRG, Doc. No. 38, 2 ("To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the instant case and whether the pleadings give plaintiff fair notice of the defense.") (citing *Woodfield*, 193 F.3d at 362). Accordingly, the Court will apply the *Woodfield* standard and consider whether Trend Micro's relevant affirmative defenses gives fair notice to SecurityProfiling.

The Court concludes that Trend Micro's sixth, ninth, tenth, and eleventh affirmative defense fall "well short of the minimum particulars needed to identify the affirmative defense in question." *Twin Rivers*, Doc. No. 38 at 3 (citing *Woodfield*, 193 F.3d at 362); *see also Trading Techs. Intl, Inc. v. CQG*, No. 05 C 4811, 2012 WL 5383199, at *1 (N.D. Ill. Oct. 31, 2012) (granting motion to strike with leave to replead affirmative defenses of estoppel, acquiescence, implied license, unclean hands, and failure to mark under 35 U.S.C. § 287, because they were "devoid of any factual basis").

While it is true that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient," there are other instances where a defendants' mere naming of an affirmative defense falls short of the pleading standards. *Woodfield*, 193 F.3d at 362. In *Twin Rivers*, the court agreed with plaintiff that defendant's fourth affirmative defense, which included "laches, waiver, estoppel, and acquiescence," failed to give plaintiff fair notice of the defense. *Id.* at 2. In that case, defendant's answer stated in relevant part: "[Plaintiff] is barred in whole or in part from asserting the '993 patent against [defendant] under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence." *Id.* The court concluded that such "broad and generic recitation of equitable defenses does not recite any facts as to how Plaintiff's conduct gives rise to any of such defenses." *Id.*

Here, like in *Twin Rivers*, Trend Micro's Answer is devoid of any factual allegations to support its sixth (failure to mark), ninth (license), tenth (patent exhaustion), and eleventh (waiver, estoppel, claim preclusion, laches, unclean hands) affirmative defense. Trend Micro's sixth, ninth, tenth, and eleventh defense alleges as follows:

SIXTH DEFENSE
(35 U.S.C. § 287)

54. On information and belief, the relief sought by SecurityProfiling is barred or limited in whole or in part by the failure to mark, by SecurityProfiling or by one or more parties licensed or otherwise authorized to practice the Asserted Patents, as required by 35 U.S.C. § 287.

NINTH DEFENSE
(LICENSE)

58. SecurityProfiling's claims for relief are barred in whole or in part by express or implied license.

TENTH DEFENSE
(PATENT EXHAUSTION)

    59. SecurityProfiling's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

ELEVENTH DEFENSE
(WAIVER, ESTOPPEL, CLAIM PRECLUSION, LACHES, UNCLEAN HANDS)

    60. SecurityProfiling's claims against Defendants regarding the Asserted Patents are barred, in whole in part, by the equitable doctrines of waiver, estoppel, claim preclusion, laches, and/or unclean hands.

Answer at 16. Thus, Trend Micro merely names the affirmative defenses without providing any additional detail to give SecurityProfiling fair notice of the nature of the defenses. While Trend Micro is not required to allege all facts or those that must be obtained through discovery, it must provide a minimum level of facts to provide Security Profiling sufficient notice of those defenses.

Accordingly, the Court recommends that SecurityProfiling's Motion to strike Trend Micro's sixth, ninth, tenth, and eleventh affirmative defense be GRANTED. The Court further recommends, however, that Trend Micro have the opportunity to replead the aforementioned affirmative defenses.

   c. **Eighth Defense**

  SecurityProfiling argues that Trend Micro's eighth affirmative defense related to standing is stated "in hypothetical terms." Motion at 16. SecurityProfiling further states that if even it has no standing to sue, the proper procedure would be to file a motion to dismiss for lack of subject matter jurisdiction. *Id.* Trend Micro does not provide any specific response other than stating generally that all its affirmative defenses are properly pled. Response at 14–15.

  Trend Micro's eighth defense must be stricken because it is not an affirmative defense. "The concept of raising an affirmative defense requires the responding party to admit the allegations in the complaint but then allows the responding party to assert it is excused from

liability for some legal reason." *Isringhausen Imp., Inc. v. Nissan N. Am., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *4 (C.D. Ill. Dec. 5, 2011); *Groupon Inc. v. MobGob LLC*, No. 10 C 7456, 2011 WL 2111986, at *4 (N.D. Ill. May 25, 2011) (citation omitted).

Here, SecurityProfiling's Complaint alleges that it is the owner by assignment of all the Asserted Patents. Complaint at ¶¶ 18, 24, 29, 34, 39, 44. For each Asserted Patent, Trend Micro identically states in its Answer that it lacks "knowledge or information sufficient to form a belief as to the truth" regarding the ownership of the Asserted Patents, and therefore denies the allegation that SecurityProfiling owns the Asserted Patents. *See generally* Answer. Then, in its eighth affirmative defense, Trend Micro simply suggests that SecurityProfiling lacks standing to bring this suit, alleging as follows:

> EIGHTH DEFENSE
> (STANDING)
>
> 56. SecurityProfiling lacks standing to bring this suit to the extent that SecurityProfiling and/or its predecessors-in-interest lacked ownership of the Asserted Patents at any relevant time during this lawsuit. SecurityProfiling also lacks standing to bring this suit to the extent that SecurityProfiling and/or its predecessors-in-interest lacked ownership of the Asserted Patents at the time they attempted to assign their interest in the Asserted Patents. SecurityProfiling further lacks standing based on a lack of injury to the extent /s is accusing Defendants of behavior and actions that have not occurred nor will occur in the reasonable future.
>
> 57. SecurityProfiling lacks standing to bring this suit to the extent that SecurityProfiling lacks any and all substantial rights to the Asserted Patents.

Answer at 15. Thus, instead of accepting SecurityProfiling's allegations as true for the purposes of its defenses, Trend Micro purports to base its affirmative defense on its denial of SecurityProfiling's statement that it owns all the Asserted Patents.

Importantly, SecurityProfiling–not Trend Micro–bears the burden of proving the ownership of the Asserted Patents to support standing to sue. *See Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012); *see also MEI, Inc. v. JCM Am. Corp.*, No.

16

CIV.09-0351 RBK/JS, 2010 WL 2346342, at *2 (D.N.J. June 9, 2010) (noting that patentee has "burden to prove standing and jurisdiction"). If it cannot do so, then its claims must fail. *See Abbott Point of Care*, 666 F.3d at 1302; *Groupon*, 2011 WL 2111986, at *4. Therefore, Trend Micro need not plead SecurityProfiling's lack of its ownership of the Asserted Patents as an affirmative defense. To the extent Trend Micro has a basis to believe SecurityProfiling lacks standing to sue, Trend Micro may bring an appropriate motion, and "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Accordingly, the Court recommends that SecurityProfiling's Motion to strike Trend Micro's eighth affirmative defense be GRANTED.

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that SecurityProfiling's Motion to Dismiss (Doc. No. 22) be **DENIED** as to Trend Micro's inequitable conduct counterclaim, **GRANTED** as to Trend Micro's non-infringement and invalidity counterclaims, and **GRANTED** as to Trend Micro's first, sixth, eighth, ninth, tenth, and eleventh affirmative defenses**,** with leave to amend as recommended herein.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto.*

*Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 21st day of March, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE