# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SECURITYPROFILING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:16-CV-01165- |
| | § | RWS-JDL |
| TREND MICRO AMERICA, INC., | § | |
| TREND MICRO INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge, which contains his recommendation for the disposition of such action, has been presented for consideration (Docket No. 52) ("R&R"). The Report recommended granting-in-part and denying-in-part Plaintiff's Motion to Dismiss and Motion to Strike Defendants' counterclaims and affirmative defenses respectively. R&R at 1. Defendant filed objections to the Report (Docket No. 55) ("Obj."). Plaintiff filed a response (Docket No. 57) ("Resp."). Having made a *de novo* review of Defendant's written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

Defendants raise three objections: (1) the Report's recommendation to dismiss Defendants' counterclaims for declaratory judgment of invalidity of the patents-in-suit was in error; (2) the Report's recommendation to strike Defendants' eleventh affirmative defense (unclean hands, waiver, and estoppel) was in error; and (3) the Report's recommendation to strike Defendants' first affirmative defense of failure to state a claim was in error. For the reasons below, Defendants'

Objection is **OVERRULED**, and Plaintiff's Motion to Dismiss and Motion to Strike is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**Ground 1: Defendants' Counterclaims for Declaratory Judgment of Invalidity**

Defendants first object to the Magistrate Judge's determination that Defendants' "invalidity counterclaims do not meet the particularized pleading requirements set forth in *Iqbal* and *Twombly* to sufficiently state a claim for relief." Obj. at 2. Defendants argue that this determination cannot be squared with Defendants' inequitable conduct allegations, which the Report concluded was sufficiently pled and thus denied Plaintiff's motion as to Defendants' inequitable conduct counterclaim and affirmative defense. *Id.* Defendants contend that the allegations as to inequitable conduct included "detailed facts concerning invalidity—*i.e.*, the prior art underlying inequitable conduct." *Id.* Plaintiff responds that Defendants arguments do not reflect their actual pleadings. Resp. at 3. Plaintiff further argue that Defendants cite no authority to support their argument regarding any alleged commonality of inequitable conduct and invalidity defenses. *Id.*

Defendants' argument misses the mark. To the extent Defendants argue that the factual allegations concerning the prior art for inequitable conduct also support a plausible counterclaim for invalidity, Defendants did not include any allegations regarding such prior art in support of their counterclaims for invalidity. The Court looks to the relevant portion of the pleading asserting a counterclaim for invalidity to determine whether Defendants have alleged sufficient facts to support a plausible claim, not the entire pleading. As the Report correctly stated, Defendants failed to state a plausible counterclaim for invalidity because Defendants "merely list[] the statutory provisions without providing any facts supporting [their] counterclaim for invalidity." R&R at 10. Citing as an example for one of the patents-in-suit, the Report noted that Defendants simply state "one or more of the claims of the '699 Patent are invalid for failure to meet the requirements of

Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116 . . . ." Based on these skeletal allegations, the Report concluded that those counterclaims are "conclusory and unsupported by any factual allegations." *Id.* Importantly, having asserted invalidity based on a cursory listing of different sections of the patent statute, Defendants made no attempt to explain the relation to or incorporate their inequitable-conduct pleadings to any of the listed statutory defenses. The Court finds no error in the Report's conclusion that Defendants' "invalidity counterclaims do not meet the particularized pleading requirements set forth in *Iqbal* and *Twombly* to sufficiently state a claim for relief." *Id.* Therefore, the Court agrees with the Magistrate Judge that Plaintiff's motion to dismiss Defendants' counterclaims of invalidity should be granted.

**Ground 2: Defendants' Eleventh Affirmative Defense**

Defendants next object to the Report's conclusion that Defendants' "Answer is devoid of any factual allegations to support [their] . . . eleventh (waiver, estoppel, claim preclusion, laches, unclean hands) affirmative defense." Obj. at 4. Defendants argue that for the same reasons stated above for invalidity counterclaims, Defendants have "pled an abundance of detailed facts underlying [their] inequitable conduct defense" that are equally relevant to their equitable defenses of unclean hands, waiver, and estoppel. *Id.* Plaintiff responds that this defense does not mention inequitable conduct and that Defendants have not explained how Plaintiff's alleged inequitable conduct pleading can support the defenses listed under the eleventh affirmative defense. Resp. at 4.

Defendants' objection once again misses the mark. First, Defendants cite no legal authority to support their arguments. Moreover, even though inequitable conduct doctrine "evolved" from the doctrine of unclean hands, it also "diverged" from it by embracing a broader scope and a

stronger remedy. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). Second, to the extent Defendants argue that the detailed factual allegations underlying their inequitable-conduct defense also support their eleventh affirmative defense, Defendants did not include any such allegations to support their eleventh affirmative defense.

Reciting the eleventh affirmative defense in its entirety, which is skeletal, the Report correctly stated that Defendants' "Answer is devoid of any factual allegations to support [their] . . . eleventh (waiver, estoppel, claim preclusion, laches, unclean hands) affirmative defense." R&R at 14–15. The Report further stated that Defendants "merely name[] the affirmative defenses without providing any additional detail to give SecurityProfiling fair notice of the nature of the defenses." *Id.* at 15. Accordingly, this Court agrees with the Magistrate Judge and finds that the Report correctly granted Plaintiff's motion to strike Defendants' eleventh affirmative defense.

**Ground 3: Defendants' First Affirmative Defense**

Finally, Defendants object to the Report's striking of Defendants' first affirmative defense of failure to state a claim. Obj. at 4. Defendants agree with the Report's statement that failure to state a claim may be raised in any pleading allowed under Rule 7(a). *Id.* Defendants further state that failure to state a claim may be raised in a motion for judgment on the pleadings under Rule 12(c) or even at trial. *Id.* (citing Fed. R. Civ. P. 12(h)(2)(B)). Defendants submit that their "defense of failure to state a claim is adequately pled and provides sufficient notice," and object on such grounds, but otherwise provide no arguments to support their position. *Id.* Defendants, however, request further guidance as to: (1) whether this defense should be pled as an affirmative defense, and, if not, in what form it should be raised in a responsive pleading, and (2) what sort of supporting allegations are necessary to properly plead this defense. Plaintiff responds that Defendants have failed to plead any facts or law to support the alleged failure to state a claim. Resp. at 5.

As Defendants note, the Report correctly stated that the defense of failure to state a claim upon which relief can be granted is not a proper affirmative defense. *Id.* Notably, Defendants accurately quote from the Report that they are not precluded from raising this defense in their amended answer and that they could properly plead this defense should they wish to pursue that course of action. *Id.* at 5. The Federal Rules are sufficiently clear that this defense could be raised: (i) in any pleading allowed or ordered under Rule 7(a); (ii) by a motion under Rule 12(c); or (iii) at trial. Fed. R. Civ. P. 12(h)(2). In sum, the Court agrees with the Report's conclusion and finds no error in the Magistrate Judge's recommendation to grant Plaintiff's motion to strike Defendants' first affirmative defense.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's recommended disposition, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the Order of this Court. Plaintiff's Motion to Dismiss (Docket No. 22) is **DENIED** as to Defendants' inequitable conduct counterclaim, is **GRANTED** as to Defendants' non-infringement and invalidity counterclaims**,** and is **GRANTED** as to Defendants' first, sixth, eighth, ninth, tenth, and eleventh affirmative defenses. All objections are **OVERRULED**.

Defendants are **GRANTED** leave to file an amended pleading to cure the defects to support their counterclaims for non-infringement and invalidity and their first, sixth, ninth, tenth, and eleventh affirmative defense within **fourteen (14) days** of the issuance of this Order. If, however, with **fourteen (14) days** of issuance of this Order, Defendants fail to amend their pleading, the aforementioned counterclaims and affirmative defenses will be **STRICKEN**.

**SIGNED this 11th day of May, 2017.**

                                             ROBERT W. SCHROEDER III
                                             UNITED STATES DISTRICT JUDGE